UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON WARREN WEATHERS,

                Plaintiff,                        Case No. 1:13-cv-1349

v.                                           Hon. Robert J. Jonker

HOLLAND POLICE DEPARTMENT,
*et al.*,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a *pro se* plaintiff Leon Warren Weathers. This matter is now before the Court on defendants' motion to dismiss complaint (docket no. 10).

### I.       Plaintiff's complaint

        Plaintiff has filed a one-page complaint alleging that "the Holland Police" violated his civil rights on September 21, 2010. Compl. (docket no. 1). Plaintiff's complaint set forth a single paragraph of allegations which is reproduced below:

> Now Comes the Defendants Holland P.O. was call that a fight was going on near Lincoln Avenue. Mr. D. Nienhuis waved ofc Klein down and said he observed people fighting on East 48th street near Lincoln Avenue. When Officers arrived at the scene there was no ongoing crime or potential crime to be prevented. Central Dispatch gave out information of a domestic male I female in gold vehicle in the area of 88 E 48TH, he later saw Leon Weathers walk into a garage. Officer Klein observed me walking a yellow bike he stooped and asked for ID, Which was supplied. Officer Howe advise the other Officers that I , placed a civil suit on Officer Catania and himself which was rejected by the court. I (Mr.Weathers) declined to be searched or patted down by anyone, the officer handcuffed me pat down produce what the police claim was a crack pipe.

*Id.* at p. ID# 2.

Plaintiff alleged that this activity violated his civil rights under the following statutes (in his words):

1. Title 18, U. S. C. Section 242- Deprivation of Civil Rights, Abuse under Color of law and 4th Amendment, false arrest fabrication of evidence

2. Title 18,U.S.C. , Section 241- Conspiracy Against Rights

3. Title 42,U.S.C.,Section 14141- Patten and Practice

*Id.* Plaintiff seeks damages in the amount of $500,000.00. *Id.* Plaintiff named as defendants the "Holland Police Department," Officer Klein, Officer Hahn and Officer Howe. *Id.* While plaintiff's complaint mentioned Officers Klein and Howe, it did not allege any wrongdoing by Officer Hahn.

## II. Defendants' motion to dismiss

### A. Legal standard

Defendants seek to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) because (1) plaintiff has no cause of action based upon the federal statutes cited in the complaint and (2) plaintiff's complaint is untimely. A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

2

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In addition, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

Finally, it is well established that *pro se* complaints like the one filed in this action are held to "less stringent standards" than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the duty to be "less stringent" with *pro se* complaints does not require this Court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979).

### B.    Plaintiff's claims brought pursuant to 18 U.S.C. §§ 241 and 242

In his first two claims, plaintiff seeks monetary damages against defendants pursuant to two federal criminal statutes, 18 U.S.C. § 241 ("conspiracy against rights") and 18 U.S.C. § 242 ("deprivation of rights under color of law"). Plaintiff's attempt to sue defendants for monetary damages under these criminal statutes is frivolous. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

This Court has long held that individuals cannot claim monetary damages arising from alleged violations of 18 U.S.C. §§ 241 and 242. In *Horn v. Peck*, 130 F. Supp. 536 (W.D. Mich. 1955), this Court specifically rejected such a private claim for monetary damages:

> In his original complaint the plaintiff charges that the defendants conspired to threaten and intimidate him and cause him to be imprisoned, in violation of 18 U.S.C. §§ 241 and 242. Section 241 provides for the fine or imprisonment of two or more persons who engage in a conspiracy to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, and for the fine or imprisonment of two or more persons going in disguise upon a highway or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of a Federal right or privilege. Section 242 provides for the fine or imprisonment of a person who, under color of any law, statute, ordinance, regulation or custom, willfully subjects an inhabitant of any State, Territory or District to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States, on account or such inhabitant's being an alien or by reason of his color or race. *These statutory provisions relate only to the punishment by fine or imprisonment for the deprivation of certain Federal rights, privileges or immunities therein referred to, and it is clear that they have no application to the plaintiff's present action for money damages.*

*Horn*, 130 F. Supp. at 539-40 (footnote omitted) (emphasis added). *See also Booth v. Henson*, 290 Fed. Appx. 919, 920 (6th Cir. 2008) (court affirmed dismissal of plaintiff's lawsuit which sought to issue a warrant for the arrest of defendants under §§ 241 and 242, because the relief sought in the complaint "is not available to a private citizen"); *Abner v. General Motors*, 103 Fed.Appx. 563, 566 (6th Cir. 2004) (the plaintiff's attempt to invoke 18 U.S.C. § 241 failed "because that statute does not provide a civil action for damages" and a private citizen " cannot initiate a federal criminal prosecution"); *United States v. Oguaju*, 76 Fed.Appx. 579, 581 (6th Cir. 2003) (finding that "the district court properly dismissed [the plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [the plaintiff] has no private right of action under either of these criminal statutes"); and *Moore v. Potter*, 47 Fed. Appx. 318, 320 (6th Cir. 2002) (finding that "the district court properly dismissed

4

[the plaintiff's] claim pursuant to 18 U.S.C. § 242 because [the plaintiff] has no private right of action pursuant to 18 U.S.C. § 242, a criminal statute").  Accordingly, plaintiff's claims brought pursuant to 18 U.S.C. §§ 241 and 242 should be dismissed.

### C.    Plaintiff's claim brought pursuant to 42 U.S.C. § 14141

In his third claim, plaintiff seeks damages under a federal civil rights statute, 42 U.S.C. § 14141, which provides that:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C. § 14141(a).  Actions authorized by this statute are brought by the United States Attorney General:

> Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) [sic] has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

*Id.* at § 14141(b) (footnote omitted).

Plaintiff's claim for damages under 42 U.S.C. § 14141 is meritless. "42 U.S.C. § 14141(a) only applies to conduct by law enforcement officers or by employees of governmental agencies 'with responsibility for the administration of juvenile justice or the incarceration of juveniles' and does not create a private cause of action."  *Cordell v. Town of Signal Mountain*, No. 1:13-cv-137, 2014 WL 5704662 at *4 (E.D. Tenn. Nov. 5, 2014).  *See Chaney v. Races and Aces*, -- Fed. Appx. --, 2014 WL 5578461 (5th Cir. Nov. 4, 2014) (in dismissing an individual *pro se* plaintiff's claim for declaratory relief under § 14141, the court found that  "[a] claim under 42

U.S.C. § 14141 may only be brought by the Attorney General, for or in the name of the United States") (internal quotation marks omitted); *Hopson v. Secret Service*, No. 3:12 cv-770, 2013 WL 504921 at *2 (W.D. Ky. Feb. 6, 2013) (stating that § 14141 "only applies to juveniles" and "does not create a private cause of action"). Accordingly, plaintiff's claim brought pursuant to 42 U.S.C. § 14141 should be dismissed.

### D. Statute of limitations

Finally, in applying the "less stringent" standard applicable to a plaintiff's *pro se* complaint, the Court construes plaintiff's reference to the Fourth Amendment as an attempt to allege a civil rights claim under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Defendants contend that any claims alleged by plaintiff under § 1983 are barred by the applicable statute of limitations. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Jones v. Bock*, 549 U.S. 199, 215 (2007). *See Whitaker v. Stamping*, 302 F.R.D. 138, 141 (E.D. Mich. 2014) ("[d]ismissal under Rule 12(b)(6) is proper when the applicable statute of limitations bars the claim"), citing *Jones*, 549 U.S. at 215.

6

The statute of limitations for a § 1983 action in Michigan is three years, based upon Michigan's three-year statute of limitations for injury to a person or property, M.C.L. § 600.5805(10). *Chippewa Trading Company v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004). Here, the alleged incident occurred on September 21, 2010. *See* Compl. at p. ID# 2. However, plaintiff did not file this action under December 19, 2013, approximately three years and three months after the alleged incident. *Id.* at p. ID# 1. In his response, plaintiff seeks to toll the statute of limitations claiming that after an automobile accident on November 11, 2011, he "was hospitalized for over a month . . . where [he] lost memories [and] usage of [his] legs." Plaintiff's Response (docket no. 16 at pp. ID## 46-47). The Court construes plaintiff's response as seeking to apply the doctrine of common law equitable tolling to extend the applicable statute of limitations.

In determining whether plaintiff's § 1983 action falls within Michigan's three-year statute of limitations, this Court looks to Michigan's related rules regarding equitable tolling. As the Supreme Court explained in *Hardin v. Straub*, 490 U.S. 536 (1989):

> In enacting 42 U.S.C. § 1988 Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. This tradition of borrowing analogous limitations statutes, is based on a congressional decision to defer to the State's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action. In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application. Courts thus should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue.

*Hardin*, 490 U.S. at 537-39 (internal citations, footnotes and quotation marks omitted). *See Guy v. Lexington-Fayette Urban County Government*, 488 Fed. Appx. 9, 18 (6th Cir. 2012) (after noting that "[t]he parties agree that a federal court must borrow state statutes of limitations and tolling rules

7

in a §1983 action," the court cited *Board of Regents v. Tomanio*, 446 U.S. 478, 484 (1980) in which

Supreme Court stated that "[i]n § 1983 actions. . . a state statute of limitations and the coordinate

tolling rules are . . . [i]n most cases . . . binding rules of law").

One federal court recently determined that the type of common law equitable tolling

requested by plaintiff no longer exists in Michigan:

> It appears that Michigan no longer recognizes a common law equitable tolling
> doctrine; rather, a plaintiff's right to equitable tolling must be based on a statutory
> right to tolling. *See Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
> No. 11-CV-14502, 2012 WL 5828623, at *8 n. 2 (E.D. Mich. July 6, 2012)
> (Goldsmith, J.) (citing *Livingston v. C. Michael Villar, P. C.*, No. 299687, 2012 WL
> 639322, at *2 (Mich.Ct.App. Feb.28, 2012) (per curiam)) ("In Michigan, equitable
> tolling does not exist except as provided by statute."); *cf. Trentadue v. Buckler Lawn
> Sprinkler*, 479 Mich. 378, 389-392, 738 N.W.2d 664, 670-72 (2007); *Chandler v.
> Wackenhut Corp.*, 465 Fed. Appx. 425, 431-32 (6th Cir. 2012).

*Dunham v. Malik*, No. 4:13-cv-10001, 2014 WL 4414506 at *4 (Report and Recommendation)

(E.D. Mich. July 18, 2014), *adopted in* 2014 WL 4410119 (Order) (Sept. 8, 2014).[1]

The Court finds the reasoning in *Dunham* persuasive. In applying Michigan law,

plaintiff's claim for equitable tolling of the three-year statute of limitations for a § 1983 claim must

be based upon a statutory right to tolling. Because plaintiff does not cite any such statute, his claim

of equitable tolling should be denied. To the extent that plaintiff's complaint attempted to allege

a claim under 42 U.S.C. § 1983, such a claim should be dismissed as time barred.

---

[1] In *Dunham*, the Court referred to one such tolling statute, M.C.L. § 600.5855, which provides that:

> If a person who is or may be liable for any claim fraudulently conceals the existence
> of the claim or the identity of any person who is liable for the claim from the knowledge of
> the person entitled to sue on the claim, the action may be commenced at any time within 2
> years after the person who is entitled to bring the action discovers, or should have
> discovered, the existence of the claim or the identity of the person who is liable for the claim,
> although the action would otherwise be barred by the period of limitations.

*Dunham*, 2014 WL 4414506 at *4 -*5.

## IV.    RECOMMENDATION

For these reasons, I respectfully recommend that defendants' motion to dismiss

(docket no. 10) be **GRANTED** and that this action be **DISMISSED**.


Dated:  January 5, 2015                                 /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).